**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50291 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00403-SVW-1 |
| v. | |
| EFREN JOSHUA HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 16, 2019
Pasadena, California

Before: SCHROEDER and R. NELSON, Circuit Judges, and LEFKOW,[**] District Judge.

Appellant Efren Hernandez entered a conditional guilty plea to being a felon in possession of a firearm and ammunition, reserving his right to appeal the district court's denial of his motion to suppress. On appeal, Hernandez raises a number of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

challenges to Officer Hector Mendoza's reasonable, articulable suspicion to stop and frisk him, but the parties agree the oral pronouncement of Hernandez's sentence controls. We affirm in part and remand with instructions to amend the written judgment to conform with the oral pronouncement.

1. We review de novo the denial of a motion to suppress evidence but review for clear error the district court's underlying findings of fact. *United States v. Crapser*, 472 F.3d 1141, 1145 (9th Cir. 2007). We find no clear error of fact. Whether a stop-and-frisk is lawful is a fact-driven inquiry, assessed under the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *United States v. Williams*, 846 F.3d 303, 308 (9th Cir. 2016). The reasonable suspicion inquiry is "a commonsense, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (internal quotation marks and brackets omitted).

Officer Mendoza was aware of the following facts before he stopped and frisked Hernandez: (1) he was part of a team of officers responding to a 911 call regarding an armed individual threatening people in room 443; (2) knocks on the door of room 443 went unanswered; (3) officers had not yet identified the subject of the 911 call; (4) frisks of others nearby left unresolved whether a gun was still present in the area; (5) the Olympic Hotel was a known stronghold of the Crazy

2

Riders gang; (6) Hernandez was a Crazy Riders gang member who was on probation; and (7) Hernandez climbed the stairs to the fourth floor, made eye contact with Officer Mendoza, and immediately turned around. Although Hernandez isolates each fact in an attempt to undercut Officer Mendoza's actions, the reasonable suspicion inquiry is not a "divide-and-conquer analysis" and must take into account the totality of the circumstances. *Arvizu*, 534 U.S. at 274. Under these circumstances, we conclude Officer Mendoza had reasonable, articulable suspicion to stop and frisk Hernandez.

2. The parties agree the oral pronouncement of Hernandez's sentence controls over the written judgment. Therefore, we remand with instructions to amend the written judgment to conform with the orally pronounced conditions of supervised release. *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

**AFFIRMED in part and REMANDED in part.**